*December*, 1824.                    Jordan *against* Locke.

Plea, that note was given for money won at gaming and betting, not stating at what kind of game, good.

DEBT in the Circuit Court of *Madison* County ; *Wm. Locke*, ass., &c. vs. *Fleming Jordan*, on a bill single originally payable to *Seth Norton*. There were five pleas, and issues on the first four. The fifth plea, after Oyer prayed and had, was in substance that the writing obligatory was given for the payment of money then and there

lost by defendant and won by *Norton* at gaming and betting. Special demurrer—1st cause, the plea does not shew what kind of game the parties played at, or the manner of acting, to shew to the Court whether it was a game or not. 2d. cause, the plea is argumentative, and leaves matter of law to be decided by the Jury. The Circuit Court sustained the demurrer, and there was a verdict for the plaintiff on the issues and judgment for him.

*Jordan* assigned here as Error the judgment of the Circuit Court on the demurrer to his last plea.

*J. M. Taylor* for plaintiff in Error, cited Laws Ala. 375. 17 John. 192. 15 John. 5. 1 Tenn. Rep. 369. 2 Hen. and Mun. 80.

*F. Jones* and *W. B. Martin* for defendant in Error, relied on the same authorities; and contended, that as whether there was gaming and betting or not was a question of law; the plea should have disclosed the facts, so that the Court might have determined whether they came within the legal acceptation of gaming.

Judge *Gayle* delivered the opinion of the Court.

Had the Statute been confined to any particular species of gaming or betting, it would have been necessary that the plea should have described the game, and such a game as is within its provisions. But the Statute, in express terms, includes every game and every wager or betting whatsoever, at which money or any thing of value can be lost and won; it was therefore unnecessary to state in the plea the kind of game at which the money was lost and won. The plea sufficiently states facts, which, if true, render the note void in law; and in the usual form of such pleas avers that it is so void, it is not argumentative. Let the judgment be reversed.